```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

RAMON MELGAR,
                                                 MEMORANDUM AND ORDER
                          Plaintiff,             20-cv-369 (KAM)

           -against-

CHAD WOLF, et al,

                          Defendants.

----------------------------------------X
```

**MATSUMOTO**, United States District Judge:

Plaintiff Ramon Melgar ("Plaintiff") seeks review of United States Citizenship and Immigration Services' ("USCIS") December 3, 2019 decision denying his application to adjust his immigration status to a lawful permanent resident. Plaintiff alleges that the denial of his application for lack of jurisdiction because he is not an "arriving alien" was arbitrary and capricious, an abuse of discretion, and not in accordance with law under Section 706(2) of the Administrative Procedure Act ("APA"). 5 U.S.C. § 706(2). (ECF No. 10, Amended Complaint ¶ 4.) Plaintiff also alleges that the denial violated "the Equal Protection guarantee of the United States Constitution." (*Id.* ¶ 5.) Plaintiff requests that the Court order that USCIS accept jurisdiction and adjudicate his adjustment application, and enter a writ of habeas corpus. (*Id.* ¶¶ 3, 6.)

1

On March 29, 2021, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (ECF No. 23, Notice of Motion.)   For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss based on the Court's lack of subject matter jurisdiction over Plaintiff's request that it review the denial of his Form I-485 Application because he is subject to a removal order, and provides that only the court of appeals may review a removal order.  8 U.S.C. § 1252(a)(5).

## BACKGROUND

Plaintiff is a citizen of El Salvador.  (Amended Compl. ¶ 14.)  On October 15, 1994, Plaintiff entered the United States without inspection.  (*Id.* ¶ 15.)  In 1996, Plaintiff was placed in removal proceedings and granted Voluntary Departure by the Immigration Judge until July 5, 1996.  (*Id.* ¶ 16.)  Plaintiff remained in the United States and failed to depart by the required date, and the order of Voluntary Departure was converted into an order of removal.  (*Id.*)

In 2000, Plaintiff applied for Temporary Protected Status ("TPS"), (*id.* ¶ 17), a temporary status given to eligible nationals of designated countries who were present in the United States , 8 U.S.C. § 1254a(a)(1).  Plaintiff's TPS application was granted after El Salvador was designated under the TPS program in March 2001.  *See* 66 Fed. Reg. 14214-16 (March 9, 2001).  The TPS allows Plaintiff to reside and work in the United States,

2

notwithstanding his removal order.  *See* 8 U.S.C. § 1254a(a)(1).

Plaintiff continues to hold his TPS.[1]  (Amended Compl. ¶ 17.)

In August 2003, Plaintiff married Nathaly Rosibel

Escobar, who, at the time, was a lawful permanent resident.  (ECF

No. 26-1, Administrative Record ("AR"), at 96—98.)  In April 2004,

Plaintiff's wife filed an I-130 Petition for Alien Relative, which

was approved on October 13, 2005.  (AR at 265—67, 251.)

In January 2012, Plaintiff was granted advance parole,

which allowed Plaintiff to depart and reenter the United States.

(AR at 50—52.)  *See* 8 U.S.C. § 1254a(f)(3) ("During the period in

which an alien is granted temporary status under this section the

alien may travel abroad with the prior consent of the Attorney

General[.]").  Although "[p]arole is not admission into the United

States," "this authorization . . . allow[s] a CBP Inspector at a

port-of-entry to parole [a TPS beneficiary] into the United States

. . . to resume [his] TPS."  (AR at 50—52, Form I-512L,

Authorization for Parole of an Alien into the United States.)

Plaintiff travelled outside the United States on February 2, 2012,

and was paroled back into the country and resumed his TPS on

February 10, 2012.  (AR at 46—49.)

---

[1]    On September 10, 2021, the Department of Homeland Security extended TPS
designation for El Salvador through December 31, 2022.  *See* 86 Fed. Reg. 50,725—
26 (Sept. 10, 2021).

On March 7, 2012, Plaintiff filed his first Form I-485 Application to Register Permanent Residence or Adjust Status as the beneficiary of a visa petition as the spouse of a United States citizen.  (Amended Compl. ¶ 20.)  The application was denied on September 7, 2012.  (AR at 193–95.)  In denying Plaintiff's application, USCIS considered the merits of the application.  (*Id.*) USCIS found that Plaintiff satisfied the removal order when he left the United States in February 2012 pursuant to a grant of advance parole but triggered the bar to admission when he returned to the United States without first seeking permission for reentry and therefore was inadmissible and ineligible to adjust his status under Section 212(a)(9)(A) of the Immigration Nationality Act ("INA").  8 U.S.C. § 1182(a)(9)(A).  (AR at 193–95.)

On September 24, 2012, Plaintiff filed a Motion to Reconsider.  (AR at 182–87.)  Plaintiff's motion was dismissed on May 3, 2012.  (AR at 171–74.)  USCIS determined that Plaintiff's Motion to Reconsider was "insufficient to overcome the grounds for denial" and found that Plaintiff's "departure from the United States, despite it being pursuant to a grant of advance parole, is a departure for the purpose of triggering the bar to admission pursuant to Section 212(a)(9)(A)[.]"  (AR at 174.)

4

On April 6, 2018, Plaintiff filed his second Form I-485 Application to Register Permanent Residence or Adjust Status, which was denied on December 3, 2019, for lack of jurisdiction. (AR at 36–44.)  The decision stated in relevant part:

> USCIS has jurisdiction to adjudicate an application for adjustment of status only if the Immigration Judge (IJ) does not have jurisdiction. . . . In general, except if the applicant is an "arriving alien," the IJ has jurisdiction to grant or deny a Form I-485 if the adjustment applicant is in a section 240 removal proceeding before the U.S. Department of Justice, Executive Office for Immigration Review (EOIR). . . . . [Y]ou departed the U.S. on February 2, 2012, and were paroled back into the U.S. on February 10, 2012 based upon having Temporary Protected Status (TPS).  A TPS recipient in immigration proceedings or with a final removal order who receives authorization to depart and return to the U.S. using an advance parole document, returns to the U.S. in the same immigration status that they had at the time of departure . . . . Therefore, TPS recipients return to the U.S. in the same immigration status as before, i.e., a non-arriving alien in immigration proceedings when they left shall remain a non-arriving alien in immigration proceedings. Likewise, a TPS recipient with an outstanding final order or [sic] removal when they left shall also have an outstanding order of removal upon return to the U.S. The evidence or [sic] record shows you are not an arriving alien because you maintain the same immigration status after returning to the U.S. on February 10, 2012 when you were paroled under TPS status as you had before the parole.  Furthermore, the final removal order is outstanding against you, so your Form I-485 is denied based on lack of USCIS jurisdiction.

(AR at 29–32.)

On May 15, 2020, Plaintiff initiated this action requesting that the Court declare that his departure from and reentry into the United States in 2012 satisfied the removal order, and compel USCIS to assume jurisdiction over his 2018 adjustment application and adjudicate it on the merits. (Amended Compl. Prayer for Relief.) Plaintiff also seeks a writ of habeas corpus. (*Id.*)

## DISCUSSION

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A case is properly dismissed for lack of subject matter jurisdiction under [Fed. R. Civ. P.] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Court "may refer to evidence outside the pleadings" when resolving a Rule 12(b)(1) motion. *Id.* It is plaintiff who bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

Plaintiff premises jurisdiction on a federal question, 28 U.S.C. § 1331, the APA, the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, and also alleges denial of "a right to equal protection of the laws." (Amended Compl. ¶¶ 7–8, 38–44.) A

6

petition for review filed with an appropriate court of appeals is the sole and exclusive means for judicial review of an order of removal. *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."); 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction . . . by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.").

The Second Circuit has held that the term "judicial review of an order of removal," as used in Section 1252(a)(5), encompasses both "direct" and "indirect" challenges to removal orders. *See Delgado v. Quarantillo*, 643 F.3d 52, 54–56 (2d Cir. 2011) (holding that plaintiff, by seeking to "compel USCIS to make a determination on the merits of her I-212 application" indirectly challenged her reinstated order of removal, triggering Section

7

1252(a)(5)'s jurisdictional bar). *See also Freire v. U.S. Dep't of Homeland Sec.*, 711 F. App'x. 58, 59 (2d Cir. 2018) ("[Section 1252(a)(5)] removes jurisdiction from the district courts over any challenge of the denial of an application for status adjustment of a party who is already subject to a removal order, if the relief requested in the challenge would invalidate the order; such a challenge is in effect an attempt to obtain judicial review of the removal order indirectly.  This bar to jurisdiction precludes indirect review of both reinstated removal orders, and initial removal orders that remain pending.") (internal citations omitted); *Singh v. USCIS*, 878 F.3d 441, 446 (2d Cir. 2017) ("[Plaintiff]'s APA claim seeks to require the USCIS to consider the merits of his adjustment-of-status application.  This is the first step in adjusting his status to that of a lawful permanent resident.  If he succeeded in becoming a lawful permanent resident, his pending removal order would, he hopes, be rendered a nullity.").  And "[f]ollowing *Delgado*, courts routinely dismiss cases where the requested relief would lead, or be a prerequisite, to invalidation of a removal order, including where the requested relief is action involving an adjustment-of-status application." *Ying Lin v. U.S. Dep't of Homeland Sec.*, No. 15-cv-5588(PKC), 2017 WL 818416, at *4 (E.D.N.Y. Mar. 1, 2017) (collecting cases).

Here, Plaintiff requests that the Court find that his departure from the United States in February 2012 upon a grant of advance parole satisfied the removal order, or order "USCIS to *properly adjudicate*" his 2018 adjustment application.  (ECF No. 21, Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl. Opp."), at 3 (emphasis in the original).)  However, a finding that Plaintiff has "satisfied" the removal order would result in the Court setting aside such order, which remains pending.  Likewise, ordering USCIS to assume jurisdiction over Plaintiff's adjustment application would require that the Court find that Plaintiff, when he reentered the United States in February 2012, was an "arriving alien," which, in effect, would nullify his outstanding order of removal.[2]  And given that USCIS and the Immigration Court do not have concurrent jurisdiction over Plaintiff's proceedings, ordering USCIS to adjudicate Plaintiff's adjustment application would "shift jurisdiction from the tribunal that has ordered him removed and . . . render the removal order ineffective."  *Singh*, 878 F.3d at 446.  Plaintiff's requests, in essence, are an attempt

---

[2]    Without deciding whether a TPS beneficiary who leaves the United States under a grant of advance parole returns in the same status that was in effect prior to the departure, the Court notes that several courts have already spoken on this issue. *See, e.g.*, *Galindo Gomez v. USCIS*, No. 19-cv-3456(ABJ), 2020 WL 7419674, at *4 (D.D.C. Nov. 13, 2020) ("[P]laintiff does not meet the definition of an 'arriving alien,' because he left the United States . . . under a grant of advance parole which he sought and obtained before he left.  The Miscellaneous and Technical Immigration and Naturalization Amendments Act of 1991 ('MTINA') states that a TPS beneficiary who travels under advance parole approved by DHS returns to the United States with the same immigration status that was in effect when he left.").

to obtain judicial review of the removal order indirectly, and Plaintiff cannot be allowed to "circumvent Congress's clear intent to consolidate review of challenges to orders of removal in the courts of appeals." *Delgado*, 643 F.3d at 55. *See Calderon v. Mayorkas*, No. 20-cv-3164(GRB), 2021 WL 5707431, at *1, *4 (E.D.N.Y. Nov. 30, 2021) (dismissing plaintiff's APA action based on lack of subject matter jurisdiction, having found that plaintiff, a TPS beneficiary subject to a final but unexecuted order of deportation who asserted that he was an arriving alien, sought to "effectively nullify the underlying order of deportation" by requesting that the court order USCIS to adjudicate his application to adjust status).[3]

For the foregoing reasons, the instant action constitutes a challenge to Plaintiff's order of removal, which the Court lacks jurisdiction to adjudicate under Section 1252(a)(5), and neither the APA nor the DJA can confer subject matter jurisdiction to circumvent Section 1252(a)(5). "The Declaratory Judgment Act is remedial, not jurisdictional," *Saleh v. Holder*, 84 F. Supp. 3d 135, 140 (E.D.N.Y. 2014) (internal quotation marks and

---

[3]     Plaintiff argues that *Calderon* is "easily distinguishable" from the instant case because, here, "CIS has acknowledged that Plaintiff's travel satisfied a previously-issued removal order of the Immigration Court because of his re-entry with a CIS-approved Advance Parole document." (ECF No. 28.)  By CIS's "acknowledgment," it appears that Plaintiff is referring to USCIS's 2012 denial of his first I-485 application, in which USCIS considered the merits of Plaintiff's application.  (AR at 193–95.)  However, USCIS's decision does not affect the Court's lack of subject matter jurisdiction over Plaintiff's claims under 8 U.S.C. § 1252(a)(5).

citation omitted), and by its terms, the APA does not apply "to the extent that statutes preclude judicial review," 5 U.S.C. § 701(a)(1).   Neither can the Court exercise jurisdiction based on a federal question, Plaintiff's request for mandamus relief, or Equal Protection claim.   *See Delgado*, 643 F.3d at 56 (holding that plaintiff cannot "evade the restrictions of [S]ection 1252(a)(5) by styling her challenge as a mandamus action in order to claim jurisdiction under 28 U.S.C. § 1361."); *see also id.* at 54—56 (affirming finding that district court lacked subject matter jurisdiction over plaintiff's claims, including his Equal Protection claim).   Finally, Plaintiff's claim for a writ of habeas corpus must be dismissed because Plaintiff is neither in custody nor detained.   *See Ogunwomoju v. United States*, 512 F.3d 69, 73 (2d Cir. 2008) ("A petitioner must be 'in custody' in order to invoke habeas jurisdiction over the federal courts."); *Maleng v. Cook*, 490 U.S. 488, 490—91 (1989) (explaining that the "in custody" requirement under 28 U.S.C. § 2241 is jurisdictional).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants'
motion to dismiss for lack of subject matter jurisdiction.  The
Clerk of Court is respectfully directed to enter judgment in favor
of Defendants and close the case.

**SO ORDERED.**


Dated:    March 9, 2022
          Brooklyn, New York


                                    _____/s/_____
                                    **HON. KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York